IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2012 JUL -5 AM 11: 26
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY

| | |
|---|---|
| JAMES FLOWERS, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL ACTION NO. 1:11-CV-421-LY |
| § | |
| INTERRA HYDRO, INC. § | |
| DEFENDANT. § | |

## ORDER ON MOTION FOR ATTORNEY'S FEES

Before the court in the above styled and numbered cause of action are Plaintiff James Flowers's "Application for Attorney's Fees" filed October 26, 2011 (Doc. #28); Defendant Interra Hydro, Inc.'s Response to Plaintiff's Motion for Attorney's Fees filed November 4, 2011 (Doc. #31); Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Attorney's Fees filed November 8, 2011 (Doc. #32); and Defendant's Reply to Plaintiff's Reply filed November 10, 2011 (Doc. #33). The parties entered into an agreed judgment on October 19, 2011, and the court rendered Final Judgment on October 20, 2011 (Doc. #27). Having reviewed the motion, response, reply, and the supporting documentation, the court finds that Plaintiff's motion should be granted to the extent stated in this order.

### I. BACKGROUND

Plaintiff James Flowers ("Flowers") sued Defendant Interra Hydro, Inc. ("Interra") for failing to pay him overtime wages as required by the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 207, 215(a)(2). The parties have stipulated and agreed that Flowers shall recover from Interra $752.50 in actual damages and $752.50 in liquidated damages as provided by the FLSA. *See* 29

U.S.C. § 216(b). Flowers requests that the court award him attorney's fees in the amount of $9,561.75.

## II. ANALYSIS

The FLSA authorizes a court to award reasonable attorney's fees to the plaintiff, in addition to any judgment. 29 U.S.C. § 216(b). To do so, the court must determine if Flowers is the prevailing party; if so, what the lodestar amount is; and then if there are any factors that warrant an adjustment of the lodestar amount. *See Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799-800 (5th Cir. 2006).

### A. Prevailing party

Although the FLSA provisions do not use the term "prevailing party," the Fifth Circuit "typically cite[s] prevailing party fee-shifting jurisprudence in FLSA cases." *Id.* at 799 n. 7. The prevailing party is the "one who has succeeded on any significant claim affording it some of the relief sought[.]" *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). In this case, because Flowers succeeded on his central claims, namely the recovery of overtime wages and liquidated damages, the court finds that Flowers is the prevailing party. Interra does not dispute that Flowers is the prevailing party.

### B. Lodestar calculation

District courts in the Fifth Circuit use the lodestar method to calculate the "appropriate attorney's fee award under the FLSA." *Saizan*, 448 F.3d at 799. The lodestar amount is the product of the number of hours reasonably spent on the case and the appropriate hourly rate in the community for such work. *Id.* A "reasonable" hourly rate is based on the "prevailing market rates in the relevant community." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011)

(quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The relevant community for purposes of determining the prevailing rate is "'the community in which the district court sits[.]'" *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998)).

Flowers requests that the prevailing rate for Robert Lee, a partner, be set at $475 per-hour; Carmen Artaza and Meredith Matthews, associates, at $275 per-hour; and Kayla Risovi, a paralegal, at $85 per-hour. Flowers states that his proposed rates are "normal and customary in the Dallas area." Interra suggests, however, that $386 per-hour is more reasonable for equity partners in Austin.

The court declines to adopt Flowers's proposed rate for Mr. Lee for two reasons. First, Austin, not Dallas, is the relevant community for determining the prevailing rate. Second, "[h]ourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that 'lions at the bar may command.'" *Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir. 2000) (quoting *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) (internal quotation marks and citation omitted)). In the absence of further guidance from Flowers regarding prevailing rates for Austin partners, the court adopts Interra's suggested rate of $386 per-hour as the hourly rate for Mr. Lee.

However, the court must accept the rates provided by Flowers with regard to the work performed by the associates and paralegal. Although Flowers's proposed rates for associates Artaza and Matthews and for paralegal Risovi appear to be from the Dallas legal market, Interra has failed to provide the court with any evidence on the prevailing rates for Austin associates or paralegals.

Thus, Flowers's rates of $275 per-hour for associates Artaza and Matthews and $85 per-hour for paralegal Risovi are sustained.[1]

Flowers bears the "burden of showing the reasonableness of the hours billed and, therefore, [is] also charged with proving that [he] exercised billing judgment." *Saizan*, 448 F.3d at 799. Thus, Flowers must document the "hours charged and of the hours written off as unproductive, excessive, or redundant." *Id*. The court notes that Flowers has compiled with the court's local rule requiring that documentation accompany a motion for attorney's fees. *See* Local R. W.D. Tex. CV-7(i)(1). The court has reviewed this documentation and finds that Flowers exercised appropriate "billing judgment" under the prevailing case law. *Saizan*, 448 F.3d at 799.

Interra contends that most of the attorney's fees were not reasonable and necessary because most of the fees "that Plaintiff incurred [were], in fact, [] spent <u>refusing</u> to provide any specific dates, hours, or other information to either support Plaintiff's claim or to refute Interra's claim that the total amount owed was $752.50." Flowers argues, however, that "virtually all of [the fees] could have been avoided had Interra provided the requested hourly wage documentation early in the case." Because Interra maintained control of the records, the court finds that the hours that Flowers's counsel billed after this request was made were reasonable.

In its review of Flowers's documentation, however, the court finds several mathematical or data-entry errors. For example, on May 19, 2011, paralegal Risovi spent 0.7 hours to "Amend

---

[1] Interra also objects to Robert Lee's hourly rate on the ground that relatively little expertise is required to "print[] out form complaints and assert[] frivolous objections." Although Flowers concedes that some of the work performed was form pleading, he states that the associates and paralegal were tasked to do that work while Lee's more costly partner time was limited to more complex legal work. The court finds that Flowers's documentation supports his claim. Of the 47.5 hours spent on this case, associates Artaza and Matthews and paralegal Risovi accounted for over three-quarters of that time. Thus, the court overrules Interra's objection on this point.

petition/complaint." At $85 per-hour, the resulting fee should have been $59.50, but Flowers was billed $62.50, resulting in a discrepancy of $3. In addition, on September 26, 2011, associate Artaza was listed as billing 5.8 hours to "Review Interra's motion to compel and motion for summary judgment; Draft response to motion to compel; Conduct legal analysis on motion for summary judgment." The listed hourly rate of $85, however, corresponds to paralegal Risovi's hourly rate. The gap between Artaza's hourly rate and Risovi's hourly rate results in a fee difference of $1,102.00. Because the rate corresponds to Risovi, the court will assign the 5.8 hours billed to her for purposes of Flowers's application for attorney's fees.

Further, whenever there is an error, the court uses the lesser number because the local rules require that an application for attorney's fees be accompanied by sufficient documentation that will give the court "the opportunity to determine whether such computation is correct." Local R. W.D. Tex. CV-7(i)(1). On May 20, 2011, paralegal Risovi spent 1.9 hours to "Revise complaint per RL; Prepare for filing." Her rate of $85 per-hour should have resulted in a bill of $161.50. However, Flowers was billed $237.50 for that time, resulting in an overbilling of $76. Thus, the court will allow $161.50. Therefore, based on these adjustments, and multiplying each person's hours by his or her prevailing hourly rate, the court determines the lodestar amount of $8,642.75.

### C. *Adjustment of lodestar amount due to* Johnson *factors*

Next, the court must consider whether any adjustment to the lodestar amount is warranted based on the factors that the Fifth Circuit describes in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] The court may not reconsider any factor that it used to determine the

---

[2] The twelve *Johnson* factors are:

(1) The time and labor required, (2) The novelty and difficulty of the questions, (3) The skill

lodestar amount. *See Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998). District courts should give "special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Saizan*, 448 F.3d at 800. These are the first, fifth, eighth, and ninth *Johnson* factors, respectively.

In this case, the court has already considered the first, third, fifth, and ninth factors when calculating the lodestar amount. The court does not find that the eighth *Johnson* factor – the amount involved and the results obtained – warrants an adjustment to the lodestar amount, especially given that under Fifth Circuit law, "[t]here exists a strong presumption of the reasonableness of the lodestar amount." *Id.* at 800. In this case, because the $1505 settlement represents 100 percent of the unpaid overtime wages and the liquidated damages, the results obtained do not warrant a downward adjustment of the lodestar amount. Although the attorney's fees requested are approximately six times larger than the amount of damages actually awarded, the court does not find this factor requires a downward adjustment of the lodestar amount for two reasons.

First, Interra had control over the records that Flowers needed to settle the case and a significant fraction of the attorney's fees are due to the time Flowers's counsel spent preparing for trial while waiting for those records. Flowers's counsel will not be penalized for Interra's inaction. Second, Flowers exhibited appropriate billing judgment and recovered 100 percent of the overtime

---

requisite to perform the legal service properly, (4) The preclusion of other employment by the attorney due to acceptance of the case, (5) The customary fee, (6) Whether the fee is fixed or contingent, (7) Time limitations imposed by the client or the circumstances, (8) The amount involved and the results obtained, (9) The experience, reputation, and ability of the attorneys, (10) The "undesirability" of the case, (11) The nature and length of the professional relationship with the client, and (12) Awards in similar cases.

488 F.2d at 717-19.

wages and liquidated damages sought. *See id.* at 803. "[T]here is no *per se* proportionality rule." *Id.* Rather, "[g]iven the nature of claims under the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe v. Hoffman–Curtis Partners Ltd.*, 215 F. Appx. 341, 342 (5th Cir. 2007) (affirming $23,357.30 damages and $129,805.50 attorney's fees); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming $1,181 overtime compensation and $9,250 attorney's fees); *Riddle v. Tex-Fin, Inc.* No. H–08–3121, 2011 WL 1103033, at *13 (S.D. Tex. March 22, 2011) (awarding $6,647.22 damages and $32,175 attorney's fees); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 700, 707 (S.D. Tex. 2009) (awarding $127,435.10 damages and $292,041.60 attorney's fees).

After considering the remaining *Johnson* factors, the court finds that an adjustment of the lodestar amount is not warranted.

**IT IS THEREFOR ORDERED** that Plaintiff James Flowers's "Application for Attorney's Fees" filed October 26, 2011(Doc. #28) is **GRANTED TO THE FOLLOWING EXTENT**: Plaintiff James Flowers is awarded attorney's fees in the amount of $8,642.75.

SIGNED this 5th day of July, 2012.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE